# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA RYAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| THE SCHREIBER LAW FIRM, LLC, | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant | |

## COMPLAINT

LISA RYAN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against THE SCHREIBER LAW FIRM, LLC ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

- 1 -

3. Defendant conducts business in the Commonwealth of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Malden, Massachusetts 02148.

6. Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its principal place of business located at 53 Stiles Road, Suite A102, Salem, New Hampshire 03079.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in its attempts to collect a consumer debt.

1

2

3       11.     Defendant acted through its agents, employees, officers, members,

4    directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

     representatives, and insurers.

5

6                           **FACTUAL ALLEGATIONS**

7       12.     At all relevant times, Defendant was attempting to collect a consumer

8
     debt.
9

10      13.     Upon information and belief, the alleged debts, a Citibank credit card

11   account, at issue arose out of transactions, which were primarily for personal,

12
     family, or household purposes.
13

14      14.     Beginning in or before March 2013, Defendant made continuous and

15   repetitive calls to Plaintiff on her home telephone.

16      15.     Plaintiff does not owe the debt Defendant was attempting to collect.

17
        16.     Instead, the debt Defendant was attempting to collect belongs to
18

19   another individual allegedly named "Lisa Ryan."

20      17.     It was annoying and harassing to receive collection calls for a debt of

21
     another person.
22

23      18.     Defendant would call Plaintiff several times a week, on occasion

24   causing her to receive more than ten (10) collection calls a week.

25

PLAINTIFF'S COMPLAINT

1

2

3

4

19.     After calls persisted, and desiring to stop the collection calls, on more than one occasion, Plaintiff answered the phone and spoke with Defendant's collectors, informed them that they had the wrong person, and instructed them to stop calling her.

5

6

7

8

20.     Defendant, however, did not update its records to stop the calls to Plaintiff or remove her from its call list.

9

10

21.     Instead, Defendant persisted in calling Plaintiff about another person's debt, knowing that it was calling the wrong person.

11

12

13

14

22.     By continuing to call Plaintiff after being informed it was calling the wrong person and to stop calling her, Defendant intended to harass, annoy and abuse Plaintiff.

15

16

23.     In addition to calling Plaintiff, Defendant sent her correspondence dated July 25, 2013.  See Exhibit A, Defendant's July 25, 2013, letter.

17

18

24.     In its letter, Defendant stated:

19

20

21

22

23

**CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)**
You are hereby given notice of the following information concerning the above referenced debt.  Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid **by the creditor** and by this firm.  If you notify us in writing within the thirty day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of a judgment against you, and we will mail such verification or judgment to you.  In addition, upon your written request within the thirty day period, this firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.

24

See Exhibit A (emphasis added).

25

PLAINTIFF'S COMPLAINT

25.     Defendant's notice to Plaintiff under 15 U.S.C. §1692g was false and deceptive, as nowhere in §1692g does it state that a debt may be "assumed to be valid by the creditor" if the consumer does not dispute the validity of the debt.

26.     A consumer, not simply the least sophisticated consumer, who read this letter would believe that a creditor could assume the debt to be valid

27.     Defendant's communications with Plaintiff were for the sole purpose of harassing, abusing, annoying and deceiving her, as evidenced by the above recital of its conduct.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

28.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.     Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

PLAINTIFF'S COMPLAINT

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times about the debt of another person, despite knowing it was calling the wrong person and had been instructed to stop calling.

## COUNT II

29. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(10).

a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

c. Defendant violated §§ 1692e and 1692e(10) of the FDCPA by falsely claiming that pursuant to §1692g of the FDCPA, if she did not dispute the validity of the debt, the creditor would assume the debt to be valid.

## COUNT III

30. Defendant's conduct, detailed in the preceding paragraphs, violated

PLAINTIFF'S COMPLAINT

1  15 U.S.C. § 1692f.

2
3  a. A debt collector violates §1692f of the FDCPA by using unfair
4    or unconscionable means to collect or attempt to collect any
5    debt.

6  b. Here, Defendant violated §1692f of the FDCPA engaging in
7    other unfair and unconscionable debt collection practices,
8    including failing to update its records to avoid the further
9    placement of calls to Plaintiff, despite having been told by
10    Plaintiff that she is not the person that they are seeking to
11    contact and to stop calling her.

13 WHEREFORE, Plaintiff, LISA RYAN, respectfully prays for a judgment

14

15  as follows:

16  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

17
18  b. Statutory damages of $1,000.00 for the violation of the FDCPA
19    pursuant to 15 U.S.C. § 1692k(a)(2)(A);

20  c. All reasonable attorneys' fees, witness fees, court costs and other
21    litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §
22    1693k(a)(3); and
23

24  **d.** Any other relief deemed appropriate by this Honorable Court.

25

PLAINTIFF'S COMPLAINT

1

2

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LISA RYAN, demands a jury trial

in this case.

RESPECTFULLY SUBMITTED,

DATED: March 12, 2014        KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    BBO# 662924
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT